IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON MD, LLC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DOUBLE MEDICAL** | : | |
| **INTERNATIONAL (HONG KONG)** | : | |
| **LIMITED AND DOUBLE MEDICAL** | : | |
| **TECHNOLOGY, INC.** | : | **NO. 23-2791** |

**McHUGH, J.**                                                                                         **December 6, 2023**

## MEMORANDUM

This is a contract action. Devon MD, LCC, a Pennsylvania company, alleges that Double Medical International (Hong Kong) Limited and Double Medical Technology, Inc., headquartered in Hong Kong and China respectively, failed to meet their capital contributions as part of a Joint Venture Agreement ("JVA"),[1] resulting in Devon's loss of profits. ECF 1 at 10-11. As defined by the JVA, the purpose of the joint venture was to sell medical equipment products in the United States and conduct related regulatory and research activities. ECF 1 at 16-17, ¶ 11. This case has been pending in state court since November, 2021, which Devon attributes to the defendants evading service. It was recently removed, and only Double Medical Technology has entered an appearance. ECF 1. It now moves to dismiss, arguing that because it is not a party to the JVA, Devon can only state a claim as to the absent co-defendant. Alternatively, although not a party to

---

[1] Plaintiff's briefings refer to Defendant Double Medical International as "Defendant Double Medical," *see* ECF 1, but this lends itself to confusion between the two similarly named defendants. To avoid this confusion, I herein refer to Defendant Double Medical International (Hong Kong) Limited as "International" and Defendant Double Medical Technology, Inc. as "Technology."

the agreement, Technology seeks to enforce an arbitration clause requiring all claims to be resolved before a Hong Kong arbitration panel.[2] For the reasons that follow, the motion will be denied.

## I.  Standard of Review

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## II.  Discussion

### A. *Failure to state a claim*

Defendant Technology argues Plaintiff fails to state any claims upon which it could be liable under the JVA because it is not formally a party to the JVA such that no privity of contract exists. ECF 7 Ex. 1 at 4. Plaintiff's complaint broadly alleges that the signatory to the agreement, Defendant International, is "a part of" Defendant Technology. ECF 1 at 9-10, ¶ 2. Although I grant that this is somewhat conclusory, other aspects of the record render it plausible.

First, Plaintiff has pleaded that Technology was the manufacturer of the equipment to be distributed as part of the joint venture. ECF 1 at 10, ¶ 5.

Second, Technology is not altogether absent from the JVA. Only two parties are signatories to the JVA: Devon and International. ECF 1 at 14 (referring collectively to Plaintiff and Defendant International as the JVA's "Parties"); *id.* at 25 (JVA signature page). But, as Plaintiff points out, the JVA itself requires "[a]ny notices or delivery required" as to "Double Medical," meaning International, were to be made to Technology. *Id.* at 24.

---

[2] Adding to the strange posture of this case, Plaintiff's initial response attached a proposed amended complaint, naming only International, with no discussion as to its relevance. After the Court sought clarification of Plaintiff's position, it filed an amended response excluding any reference to an amended complaint. ECF 12. The Court has decided this motion based only on Plaintiff's second response, in conjunction with Technology's motion and reply, ECF 13.

Third, without International appearing, Technology seeks to avail itself of the protection of the JVA by attempting to enforce the arbitration provision of the JVA as a non-signatory. Necessarily, such enforcement would by extension also protect International's interests.

Taking the record as a whole, I cannot conclude that Devon has failed to state a claim.

B.  *Enforcement of the Arbitration Agreement*[3]

Defendant Technology further argues that because Plaintiff agreed to arbitrate any disputes regarding the enforcement of the JVA, its claims against it should be dismissed. Dismissal is also not warranted on this basis.

Non-signatories may compel arbitration against a signatory when "traditional principles of contract, agency, or estoppel require arbitration." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001) (citation omitted) (pertaining to whether arbitration could be compelled as to a non-signatory); *White v. Sunoco Inc.*, 189 F. Supp. 3d 486, 491 (E.D. Pa. 2016), *aff'd*, 870 F.3d 257 (3d Cir. 2017) (applying these principles to determine whether a non-signatory could compel arbitration). But Technology has failed to meet its burden as a non-signatory to show that it falls within any of the recognized doctrines.

---

[3] The JVA's arbitration agreement states:

> **Governing Law and Dispute Resolution**
>
> 32. The Parties submit to the jurisdiction of the Hong Kong International Arbitration Center for the enforcement of this Agreement or any arbitration award or decision arising from this Agreement. The applicable law shall be the state law of Pennsylvania.

ECF 1 at 21, ¶ 32. No other section of the JVA provides for additional or alternative methods for dispute resolution. Because I find that Defendant International failed to establish itself as an appropriate non-signatory to compel arbitration, I do not address here the issue of whether there is an enforceable agreement.

First, as a matter of contract law, "courts have allowed non-signatory third party beneficiaries to compel arbitration against signatories of arbitration agreements." *E.I. DuPont de Nemours & Co.*, 269 F.3d at 195 (noting the same principle applies "whether seeking to avoid or compel arbitration"). To prevail under this rule, Technology would need to establish that "both contracting parties must have expressed an intention that the third-party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 168 (3d Cir. 2008) (citation omitted). It does not point to anything that would qualify it as a third-party beneficiary. "Courts have also permitted a non-signatory to enforce a contract when the non-signatory has incorporated the contract by reference, assumed it, or is an alter-ego of a signatory," *White*, 189 F. Supp. 3d at 493, but once again Technology does not make the required showing.

Second, "[c]ourts have also applied agency principles to permit a non-signatory to enforce a contract where there is either a parent/subsidiary, ownership, or some other significant relationship between the signatory and the non-signatory defendant." *Id.* (citations omitted). Technology makes no such showing here, and in seeking to benefit from the JVA contradicts the premise of its first basis for dismissal, that Plaintiff failed to plead a significant legal relationship between the two companies.

Finally, "[u]nder the 'alternative estoppel' theory, a non-signatory may seek enforcement when it can show: 1) there is a close relationship between it and a signatory; and 2) the alleged wrongs are related to a non-signatory's contractual obligations and duties." *Id.* (citations omitted). Once again, Technology fails to make the necessary showing of a close relationship with International.

In summary, Technology cites much of the relevant precedent, but fails to make the showing required by the authority it cites. It cannot therefore enforce the arbitration as a non-signatory.

### III.     Conclusion

For the reasons set forth above, Defendant Double Medical Technology, Inc.'s Motion to Dismiss will be denied.

/s/ Gerald Austin McHugh
United States District Judge
